**XIU YUN ZHENG, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES,** **Respondent.**

**No. 09–3268.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) June 17, 2010.

Opinion filed: June 21, 2010.

---

Fuhao Yang, Esq., New York, NY, for Petitioner.

Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Christina B. Parascandola, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: BARRY, GREENAWAY and STAPLETON, Circuit Judges.

## OPINION

PER CURIAM.

Xiu Yun Zheng, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' ("BIA") July 10, 2009 order denying her motion to reconsider the BIA's decision declining to reopen her removal proceedings. For the reasons that follow, we will deny the petition.

## I.

In April 2001, Zheng entered the United States without valid entry documents. She was subsequently placed in removal proceedings and, in June 2001, she applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). She alleged that after the birth of her first child, the Chinese government forced her to have an intra-uterine device ("IUD") inserted, and that she later had the IUD removed by her private physician. She claimed that if she returned to China, the Chinese government would arrest and fine her, and forcibly insert another IUD.

In August 2004, after a hearing on the merits, the Immigration Judge ("IJ") denied Zheng's application. The IJ concluded that Zheng's testimony lacked credibility and that the Chinese government's alleged past and anticipated conduct failed to rise to the level of persecution or torture. In December 2005, the BIA affirmed the IJ's decision without an

opinion. Zheng did not petition this Court to review the BIA's decision.

In February 2009, Zheng, who was still living in the United States, moved the BIA to reopen her case in light of the birth of her second child, which had taken place in 2007. She claimed that because she now had two children, the Chinese government would sterilize her upon her return to China. In April 2009, the BIA denied the motion, concluding that the birth of Zheng's second child "reflects a change in her personal circumstances, and does not establish a change in circumstances or country conditions 'arising in the country of nationality' so as to create an exception to the time and number limitation for filing a late motion to reopen to apply for asylum." (Admin. Rec. at 26.) The BIA also concluded that the documentary evidence Zheng submitted in support of her motion failed to establish "a material change" in China's family planning policy. (*Id.*)

Zheng subsequently moved the BIA to reconsider its denial of her motion to reopen. On July 10, 2009, the BIA denied the motion for reconsideration, concluding that Zheng "has not demonstrated an error in fact or law in our prior decision to warrant reconsideration." (*Id.* at 4.) Zheng now petitions for review of the BIA's July 2009 order.

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We review the BIA's denial of a motion for reconsideration for abuse of discretion. *Borges v. Gonzales,* 402 F.3d 398, 404 (3d Cir.2005). Under this deferential standard of review, we will not disturb the BIA's decision unless it is "'arbitrary, irrational, or contrary to law.'" *Guo v. Ashcroft,* 386 F.3d 556, 562 (3d Cir.2004) (quoting *Tipu v. INS,* 20 F.3d 580, 582 (3d Cir.1994)).

Although Zheng's petition challenges the BIA's July 2009 decision, her brief focuses on the BIA's earlier decisions, as well as the IJ's decision. Our jurisdiction, however, is limited to review of the BIA's July 2009 order, as Zheng did not file separate, timely petitions with respect to the other orders. *See Stone v. INS,* 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *Nocon v. INS,* 789 F.2d 1028, 1032–33 (3d Cir.1986). Because Zheng's brief offers nothing that would cause us to question the BIA's July 2009 order, we cannot conclude that the BIA abused its discretion in denying her motion for reconsideration.[1] Accordingly, we will deny her petition.

---

1. Zheng's brief does not invoke the arguments from her motion for reconsideration. None of those arguments, however, demonstrates that the BIA erred in denying her motion to reopen. As the BIA stated in its April 2009 decision, her motion to reopen reflected merely a change in her personal circumstances—the birth of her second child—which is distinct from the showing of changed country conditions needed to prevail on her motion to reopen. *See Liu v. Att'y Gen. of the U.S.,* 555 F.3d 145, 150–51 (3d Cir.2009). Moreover, the documentary evidence she submitted in support of that motion did not establish a material change in China's family planning policy.